54 F.3d 788
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James CAPADONA, Defendant-Appellant.
 No. 94-1355.
 United States Court of Appeals, Tenth Circuit.
 May 19, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 
 1
 Defendant-appellant James Capadona appeals the district court's denial of his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. 2255. Because Mr. Capadona has not shown that his counsel was ineffective in recommending a guilty plea, we affirm.
 
 
 2
 Mr. Capadona was indicted as a participant in an elaborate conspiracy to import and distribute marijuana throughout the United States. He was originally charged with one count of conspiring to violate the Racketeer Influenced and Corrupt Organization statute (RICO), and a second count of violating the RICO statute. A Denver attorney was appointed to represent him. After two days of trial to a jury, the district court dismissed the conspiracy count.
 
 
 3
 Mr. Capadona's attorney made a decision to cancel the subpoenas of several witnesses and to rely on the testimony of a single witness. After presenting this witness' testimony, counsel strongly urged his client to plead guilty, explaining that he would almost certainly be convicted and that the sentence would be more favorable under a plea bargain. Mr. Capadona pled guilty to the lesser charge of conspiring to possess marijuana with the intent to distribute, and the jury was dismissed.
 
 
 4
 Six weeks later, Mr. Capadona sought to withdraw his guilty plea, claiming that he was coerced into entering the plea based on his attorney's failure to prepare a defense. The district court refused to allow the plea withdrawal and sentenced Mr. Capadona to ninety-seven months of incarceration.
 
 
 5
 Mr. Capadona then brought this action under 28 U.S.C. 2255, claiming that his attorney's failure to investigate and to call certain witnesses forced him to plead guilty to a crime he did not commit. After a full-blown evidentiary hearing, the district court found Mr. Capadona's testimony regarding his involuntariness and the lack of a factual basis to be "false and perjurious." R. IX at 26-27. Because the evidence against Mr. Capadona was overwhelming and the witnesses' testimony would not have contradicted the government's case, the court held that counsel's decision not to present the testimony was tactical and that it fell within the bounds of professional competence. The 2255 motion was denied and this appeal followed.
 
 
 6
 When a defendant enters a guilty plea upon counsel's advice, the voluntariness of the plea depends on whether the advice was " 'within the range of competence demanded of attorneys in criminal cases.' " Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). In addition, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59. These prongs involve mixed questions of law and fact, which we review de novo. See United States v. Owens, 882 F.2d 1493, 1501-02 n. 16 (10th Cir.1989). We accept the district court's underlying factual findings unless clearly erroneous. United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995).
 
 
 7
 Mr. Capadona claims that his attorney's advice was deficient because he had not conducted an adequate investigation and because he decided not to call certain witnesses. The record shows that counsel adequately investigated the case and evaluated the testimony of potential witnesses in Wisconsin through the services of an investigator in that area. See R. VIII at 28, 67-68, IX at 4-7. He also spoke personally with several of the potential witnesses, R. VIII at 68, and reviewed the approximately 22,000 documents that were handed over as part of discovery, id. at 48-49. There is no indication that further investigation would have revealed evidence helpful to Mr. Capadona's defense.
 
 
 8
 Moreover, it appears that counsel's decision not to call the disputed witnesses was both tactical and well-grounded. The government's evidence against Mr. Capadona was very strong. Testimony regarding Mr. Capadona's poor financial condition at the time he was allegedly selling marijuana would have had little probative value because it did not contradict the government's evidence. His purported supplier had already testified that Mr. Capadona received the drugs on credit, and that he took a "remarkably long time" to pay for them. R. V at 56. There was evidence that he was attempting to salvage a failing business during this period. R. IX at 14-15. The government also indicated that it had strong cross-examination material against each of the proposed witnesses. Id. at 26. On this basis, counsel's decision not to present futile evidence fell within the range of competence required of him, and did not render ineffective his advice regarding the advisability of a plea bargain.
 
 
 9
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument