**Theodore A. GEORGE, Petitioner–Appellant,**

v.

**W.A. PERRILL, Warden, FCI—Englewood; United States Parole Commission, Respondents–Appellees.**

**No. 94–1597.**

United States Court of Appeals,
Tenth Circuit.

Aug. 7, 1995.

Theodore A. George, Littleton, CO, pro se.

**334**

Henry L. Solano, U.S. Atty., and James W. Winchester, Asst. U.S. Atty., Denver, CO, for respondent-appellee.

Before SEYMOUR, Chief Judge, McKAY, and HENRY, Circuit Judges.

SEYMOUR, Chief Judge.

Theodore George brought this habeas corpus petition under 28 U.S.C. § 2241 alleging that his sentence is illegal under the Ex Post Facto Clause, that the Parole Commission abused its discretion in promulgating the regulations governing revocation of parole, and that he is being falsely imprisoned by the Commission's application of those regulations. The district court dismissed the petition, holding that Mr. George was abusing the writ by raising the same issues that he unsuccessfully asserted in a previous section 2241 action. Mr. George appeals and we affirm.[1]

In his prior section 2241 petition, Mr. George asserted that the Parole Commission abused its discretion and violated the Separation of Powers Doctrine by promulgating regulations under which his street time was revoked upon his violation of parole. Mr. George alleged that as a result he was falsely imprisoned. *See* rec., vol. I, doc. 1, ex. C at 1–2. In the instant proceeding, Mr. George's claims, although invoking slightly different legal theories, appear to rest on the same basic assertion that the Parole Commission could not legally revoke his street time. The government contended in district court that Mr. George's petition should therefore be dismissed as successive. Mr. George argues to the contrary that his claim alleges new grounds for relief. In response, the government points out that even if the issue is "new," it was properly dismissed as an abuse of the writ because Mr. George has not pro-

vided an acceptable reason for failing to raise the issue in his first writ.

We begin by observing that this case arises under section 2241 which permits challenges to official action affecting the execution of a sentence, and not under section 2255 which relates to the validity of a sentence. *See United States v. Scott,* 803 F.2d 1095, 1096 (10th Cir.1986). Thus, the Rules Governing Section 2255 Proceedings do not apply.[2]

Under 28 U.S.C. § 2244(a), which governs here, a section 2241 petition which presents no new grounds for relief is subject to dismissal as a successive petition unless the ends of justice require consideration of the merits:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

Section 2244(a) does not expressly mention the doctrine of abuse of the writ, where a court declines to hear a second or subsequent petition asserting new claims for relief on the ground that the issue should have been raised previously. The Supreme Court has said that the abuse-of-the-writ doctrine nevertheless applies to section 2241 petitions. Thus, in *McCleskey v. Zant,* 499 U.S. 467, 483–84, 111 S.Ct. 1454, 1464–65, 113 L.Ed.2d 517 (1991), the Court said:

> Because § 2244 allowed a district court to dismiss a successive petition that "pres-

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

**2.** Rule 9(b) of the rules governing Section 2255 Proceedings provides for dismissal of successive and abusive writs as follows:

> A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.

ent[ed] no new ground not theretofore presented and determined," one might have concluded, by negative implication, that Congress denied permission to dismiss any petition that alleged new grounds for relief. Such an interpretation would have superseded the judicial principles recognizing that claims not raised or litigated in a prior petition could, when raised in a later petition, constitute abuse. But the Reviser's Note to the 1948 statute made clear that as a general matter Congress did not intend the new section to disrupt the judicial evolution of habeas principles, 28 U.S.C. § 2244 (1964 ed.) (Reviser's Note), and we confirmed in *Sanders v. United States*, 373 U.S. [1] at 11–12 [83 S.Ct. 1068, 1075, 10 L.Ed.2d 148], that Congress' silence on the standard for abuse of the writ involving a new claim was "not intended to foreclose judicial application of the abuse-of-writ principle as developed in *Wong Doo [v. United States*, 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999 (1924)] and *Price [v. Johnston*, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948)].

In *Glumb v. Honsted*, 891 F.2d 872, 873 (11th Cir.1990) (per curiam), the court applied the abuse-of-the-writ doctrine to affirm the section 2244(a) dismissal of a section 2241 petition because it raised a new claim that could have been raised in a previous petition.

We construe pro se pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Nonetheless,

> in abuse of the writ cases, the cause and prejudice standard applies to pro se petitioners just as it applies to petitioners represented by counsel. When a pro se petitioner presents a new claim in a second or subsequent federal habeas petition, the petitioner must show cause and prejudice, as those terms have been defined in procedural default cases.

**3.** In *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1470–71, 113 L.Ed.2d 517 (1991), the Supreme Court equated the "ends of justice" inquiry set out in 28 U.S.C. § 2244(a) and the "fundamental miscarriage of justice" inquiry. *See Parks v. Reynolds*, 958 F.2d 989, 995 (10th Cir.1992).

*Rodriguez v. Maynard*, 948 F.2d 684, 687 (10th Cir.1991). Absent such a showing, a court may not hear the claim unless the petitioner shows that the case implicates a fundamental miscarriage of justice. *See McCleskey*, 499 U.S. at 494–95, 111 S.Ct. at 1470–71.

We need not decide whether Mr. George's petition asserts the same claims raised previously or states new grounds for relief. His failure to make any showing of cause, prejudice, or a fundamental miscarriage of justice [3] is dispositive under either alternative. *See Schlup v. Delo*, — U.S. —, — – —, 115 S.Ct. 851, 862–65, 130 L.Ed.2d 808 (1995) (court may not reach merits of successive or abusive claims absent showing of cause and prejudice, or fundamental miscarriage of justice).

Accordingly, we **AFFIRM** the dismissal of the petition. The mandate shall issue forthwith.