UNITED STATES COURT OF APPEALS

**Filed 11/5/96**

TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

vs.

JAMES CAPADONA,

      Defendant-Appellant.

No. 96-1154
(D.C. No. 95-N-2316)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before SEYMOUR, Chief Judge, KELLY, and LUCERO, Circuit Judges.[**]

Mr. Capadona, appearing pro se and in forma pauperis, appeals from the denial of his second 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence that was entered upon a guilty plea. Mr. Capadona's notice of appeal was filed on April 11, 1996, prior the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 102, 110 Stat. 1217 (1996). Although the act amends the requirements for

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

bringing a second § 2255 motion, we do not apply it because this appeal was pending prior to its enactment.  See Edens v. Hannigan, 87 F.3d 1109, 1112 n.1 (10th Cir. 1996).

In his brief on appeal, Mr. Capadona argues that the district court erred in denying one of his claims (concerning perjured testimony) without an evidentiary hearing.   In view of Mr. Capadona's earlier § 2255 motion,  see United States v. Capdona, 54 F.3d 788, 1995 WL 311757 (10th Cir. 1995) (unpub. order and judgment affirming denial of motion), the district court did not err in denying an evidentiary hearing.  Whether we construe Mr. Capadona's second motion as raising the same claims raised previously or new claims, he has failed to demonstrate cause, prejudice or a fundamental miscarriage of justice that would excuse the untimeliness of these claims.  Without such demonstration, the resolution of this matter without reference to the merits is not error.  See Rule 9(b), Rules Governing Section 2255 Procedings for the United States District Courts; George v. Perrill, 62 F.3d 333, 335 (10th Cir. 1995); United States v. Richards, 5 F.3d 1369, 1370 (10th Cir. 1993).

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge