UNITED STATES COURT OF APPEALS
**Filed 12/24/96**
FOR THE TENTH CIRCUIT

JOE A. GUTIERREZ,

       Petitioner-Appellant,

v.

WILLIAM PERRILL, Warden,

       Respondent-Appellee.

No. 96-1038
(D.C. No. 95-B-2092)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before PORFILIO, ALARCON,[**] and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

Joe A. Gutierrez, appearing pro se, appeals the district court's dismissal of his third petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] In this petition, Gutierrez challenges for the first time the authority of the United States Parole Commission (USPC) to return him to special parole following the revocation of his special parole term and his subsequent imprisonment. The district court dismissed the petition on the grounds that administrative remedies were not exhausted, the petition was abusive, and the USPC had not exceeded its statutory authority in returning Gutierrez to special parole. We agree with the district court's conclusion that this petition constitutes abuse of the writ and affirm on that ground.[2]

---

[1]     Gutierrez is proceeding in forma pauperis, having been granted leave to do so by the district court on August 16, 1995, R., doc. 2 at 1, and subject to no later certification by the district court that this appeal was not taken in good faith. The Prison Litigation Reform Act (PLRA), which became law on April 26, 1996, imposes filing fee payment obligations on a "prisoner" who "brings a civil action or files an appeal in forma pauperis." Pub. L. No. 104-134, § 804(a)(3), 110 Stat. 1321, ____ (1996). Even assuming that a § 2241 petition is subject to the PLRA, see Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996), and ignoring for the moment the fact that Gutierrez is now on parole and thus perhaps no longer a "prisoner" within the meaning of the Act, see Pub. L. No. 104-134, § 804(e), 110 Stat. 1321, ____, the PLRA does not apply to the petition before us because Gutierrez filed his notice of appeal on January 24, 1996, R., doc. 23 at 1, three months before the Act became law, see White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996)(finding the amendments to 28 U.S.C. § 1915 inapplicable to an appeal in a § 1983 action where the notice of appeal was filed before the Act became law), petition for cert. filed, ____ U.S.L.W. ____ (U.S. Oct. 15, 1996) (No. 96-6330).

[2]     We note that this court has previously held that, in an appeal from a denial
(continued...)

Whether a habeas petitioner has abused the writ is a threshold inquiry, see

McCleskey v. Zant, 499 U.S. 467, 496 (1991), to be addressed before reaching

either the merits, see Worthen v. Kaiser, 952 F.2d 1266, 1268 (10th Cir. 1992), or

the question of exhaustion, see Wise v. Fulcomer, 958 F.2d 30, 34-35 (3d Cir.

1992). A second or subsequent § 2241 petition which raises a new claim should

be dismissed as abusive, absent a showing by the petitioner of either cause and

prejudice or a fundamental miscarriage of justice. George v. Perrill, 62 F.3d 333,

334-35 (10th Cir. 1995).[3] This showing is required of pro se petitioners just as it

is required of petitioners represented by counsel. Id. at 335 (quoting Rodriguez v.

Maynard, 948 F.2d 684, 687 (10th Cir. 1991)).

On appeal, Gutierrez does not dispute that this petition presents a new

claim, nor does he argue that he has made the requisite showing to excuse his

[2](...continued)
of a § 2241 petition, no certificate of appealability is required under the
Antiterrorism and Effective Death Penalty Act of 1996. See Bradshaw v. Story,
86 F.3d 164, 166 (10th Cir. 1996).

[3]     George was decided before the passage of the Antiterrorism and Effective
Death Penalty Act of 1996, and relied in part on 28 U.S.C. § 2244(a), which was
amended by the Act. In this case, we need not decide to what extent this
amendment applies to petitions, like the one before us, which were pending when
the Act was signed into law, because the amendment, even if applicable, only
strengthens the analysis in George. Prior to the amendment, § 2244(a) expressly
covered only successive petitions (those presenting no new grounds for relief).
See George, 62 F.3d at 334. The court in George relied on case law to support its
conclusion that § 2241 petitions were subject to the abuse-of-the-writ doctrine as
well. As amended, § 2244(a) appears now to relate to both abusive and
successive petitions.

failure to raise the issue earlier, or that a fundamental miscarriage of justice would result from the court's failure to entertain his petition. Rather, Gutierrez claims that the issue he now raises was not "ripe at the time of the prior habeas proceedings," Appellant's Br. at 1-9, and that this petition is an "attack against [his] future custody" and thus was "premature and unavailable at an earlier time," id. at 1-11. We disagree. Gutierrez takes the position that the USPC lost jurisdiction over him on August 9, 1991, when he completed the term of imprisonment imposed upon the first revocation of his special parole term. Id. at 1-17. Clearly, he had the opportunity to raise this claim in either his first habeas petition filed August 26, 1994, R., doc. 12, ex. E, or his second petition filed April 28, 1995, R., doc. 12, ex. G. The "change of custody" upon which Gutierrez purports to rely is not the result of events occurring after his first filing, but rather a result of the USPC's decision on February 15, 1994, to revoke his special parole for a second time and to re-parole him again following imprisonment. See R., doc. 12, ex. H at 3-5.

Our own review of the record before us reveals nothing to suggest the existence of cause sufficient to excuse Gutierrez' failure to raise this issue earlier. Gutierrez' explanation in the district court, that the paralegal who prepared his petition was unaware of the issue, see R., doc. 14, ex. 1 at 6, is clearly inadequate. See Worthen, 952 F.2d at 1269 (a petitioner's "failure to appreciate

the significance of his new claims at the time of his previous habeas petition does not constitute adequate cause for his failure to raise them at that time").

The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Arthur L. Alarcon
Circuit Judge