**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 14 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GABRIEL GIBSON,

      Petitioner-Appellant,

v.

J. KNOWLES, Warden; UNITED
STATES PAROLE COMMISSION

      Respondents-Appellees.

No. 98-1244
(D.C. No. 96-Z-2227)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

      Petitioner-Appellant Gibson appeals the dismissal of his § 2241 petition for

habeas corpus. Because Gibson's instant petition presents claims raised and

decided in a prior § 2241 petition, we find it to be a successive petition.

Accordingly, we dismiss. Moreover, because we hold that Gibson has failed to

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument. This Order and
Judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

present a reasoned, nonfrivolous argument that his is not a successive petition, we deny his application to proceed in forma pauperis.

Background

On January 25, 1980, Gabriel Gibson was convicted in the United States District Court for the Southern District of Illinois of conspiracy, kidnaping and interstate transportation for immoral purposes. He was sentenced to a total of 40 years' imprisonment. On December 14, 1992, after a parole hearing, the National Commissioners ordered consideration of Gibson's parole continued for 15 years, until November 2007. The National Appeals Board affirmed.

On November 4, 1994, having exhausted his administrative appeals, Gibson filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 in the Western District of Oklahoma challenging the decision to continue his parole consideration until 2007.[1] The National Commissioners found the 15 year continuance warranted "because three victims were repeatedly raped after being kidnaped." In his prior § 2241 petition, Gibson contended that no "good cause" supported the decision to depart from the Parole Commission's parole guidelines as 18 U.S.C. § 4206(c) required. Specifically, Gibson claimed that "the reasons

---

[1]While not pertinent to the present appeal, we note that Gibson has filed numerous other direct and collateral appeals in the federal courts.

given for the Commission's decision are based on the 'assumption' that his offense behavior involved all three victims and do not provide specific reasons for the above-guidelines decision." (Magistrate Judge's Report and Recommendation, at 5 (Apr. 7, 1995).)

Discussion

Attempting to spin differently the same argument he raised in his earlier § 2241 petition, Gibson now claims that the Parole Commission relied on false information in finding "good cause" to depart from the parole guidelines. Gibson erroneously contends that he "was told by the Comm[ission] that he repeatedly raped three victims" based on the Commission's reliance on Gibson's Presentence Report.[2] Gibson argues that evidence from the trial establishes that he raped and sodomized at most one of the victims. Even construing Gibson's pro se petition liberally, see George v. Perrill, 62 F.3d 333, 335 (10th Cir. 1995), we believe his present petition raises the same claim presented and denied in his previous § 2241 petition.

Before we reach the merits of Gibson's claims we must consider the threshold question of our jurisdiction. "Under 28 U.S.C. § 2244(a), which

---

[2]In fact, the Parole Commission stated that "a decision above the guidelines appears warranted because three victims were repeatedly raped after being kidnaped."

governs here, a section 2241 petition which presents no new grounds for relief is subject to dismissal as a successive petition unless the ends of justice require consideration of the merits." Id. at 334. Because Gibson's present petition presents no new grounds for relief and the ends of justice do not require consideration of the merits, we DISMISS.[3] Petitioner's motion to proceed in forma pauperis is DENIED because petitioner failed to present a reasoned, nonfrivolous argument on the law and merits.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[3]In an effort to preserve his claim, Gibson argues that his "false information" claim is distinct from those raised in his previous § 2241 petition. However, assuming arguendo, that the "false information" claim is new, we must dismiss under the doctrine of abuse of the writ. The Supreme Court has made clear that the abuse-of-the-writ doctrine — where a court refuses to entertain a second or subsequent petition because it raises new claims which should have been raised previously — applies to § 2241 petitions. See McCleskey v. Zant, 499 U.S. 467, 483-84 (1991); George, 62 F.3d at 334-35. Thus, in order for Gibson to advance a new claim in a second § 2241 petition he must demonstrate either cause and prejudice, or a fundamental miscarriage of justice. See Schlup v. Delo, 513 U.S. 298, 314-15 (1995). Gibson's failure to make any showing of cause, prejudice, or a fundamental miscarriage of justice requires dismissal.