F I L E D
**United States Court of Appeals
Tenth Circuit**

**MAR 11 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RONNY JONATHAN RANTUNG;
BARISAN GRAC PITU
NAPITUPULU,

        Petitioners,

v.

JOHN ASHCROFT,

        Respondent.

No. 03-9547
(BIA Nos. A76-943-564 &
A76-943-565)
(Petition for Review)

**ORDER AND JUDGMENT** *

Before **EBEL**, **BALDOCK**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ronny Jonathan Rantung and Barisan Grac Pitu Napitupulu petition, pro se, for review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of petitioners' request for asylum, withholding of removal under the Immigration and Nationality Act (INA), and withholding of removal under the United Nations Convention Against Torture. We must construe a pro se petitioner's pleadings liberally. *See George v. Perrill*, 62 F.3d 333, 335 (10th Cir. 1995). Petitioners appear to challenge the BIA's summary affirmance on unspecified grounds, the IJ's determination that petitioners were ineligible for asylum because their application was untimely, and the IJ's factual findings about petitioners' withholding of removal request.[1] We dismiss the petition for review for asylum for lack of jurisdiction. We deny the petition for withholding of removal under the INA.

## Summary Affirmance

Petitioners appear to challenge the BIA's summary affirmance of the IJ's decision arguing that the BIA was pressured to clear its backlog and that a two-line decision by one judge as opposed to a three judge panel demonstrates that the BIA did not truly consider their case. Although it is not clear what legal

---

[1] Petitioners have waived any argument with respect to the immigration judge's denial of their request for withholding of removal under the United Nations Convention Against Torture because they did not raise it before the BIA. *See Rivera-Zurita v. INS*, 946 F.2d 118, 120 n.2 (10th Cir. 1991).

grounds this challenge is based upon, because petitioners are proceeding pro se, we will construe it as a due process challenge. We recently upheld the constitutionality of these summary affirmance procedures in *Batalova v. Ashcroft*, 355 F.3d 1246, 1253-54 (10th Cir. 2004) (rejecting due process challenge to summary affirmance procedure in 8 C.F.R. § 3.1(e)(5)). *See also Sviridov v. Ashcroft*, No. 02-9574, 2004 WL 238854, at *4 (10th Cir. Feb. 10, 2004) (rejecting due process challenge to summary affirmance procedure in 8 C.F.R. § 3.1(e)(4)); *Hang Kannha Yuk v. Ashcroft*, 355 F.3d 1222, 1232 (10th Cir. 2004) (rejecting due process challenge to summary affirmance procedure in 8 C.F.R. § 3.1(a)(7)). Accordingly, petitioners' challenge to the summary affirmance procedure fails.

**Asylum**

The immigration judge determined that petitioners had failed to timely file their asylum application. Petitioners do not dispute that the application was untimely, but they argue that they established changed circumstances and therefore fall within an exception to the statutory filing deadline. We lack jurisdiction to review the IJ's determination that petitioners are ineligible for asylum because of the untimeliness of their application. *Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1234-35 (10th Cir. 2003); 8 U.S.C. § 1158(a)(3).

**Withholding of Removal**

Section 1158(a)(3) does not strip this court of its jurisdiction to review the BIA's decision on petitioners' request for withholding of removal. *Tsevegmid*, 336 F.3d at 1235. Because the BIA summarily affirmed the IJ's decision, this court reviews the IJ's analysis as if it were the BIA's. *Id.* "The BIA's findings of fact are conclusive unless the record demonstrates that 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (citations omitted). Further, "we will not question the immigration judge's or BIA's credibility determinations so long as they are substantially reasonable." *Batalova*, 355 F.3d at 1254 (quotation omitted). Petitioners must establish that "it is more likely than not that [they] would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion upon removal to that country." 8 C.F.R. § 208.16(b)(2). Petitioners have the burden of showing a "clear probability of persecution," which is a higher standard than that for asylum. *Krastev v. INS*, 292 F.3d 1268, 1271 (10th Cir. 2002).

The IJ concluded that the lead petitioner's [2] evidence did not "establish that if he were now to return with his wife to Indonesia that [it] is more likely than not that he would be subject to persecution." Admin. R. at 60. In so doing, the IJ

_____

[2]  Mr. Rantung is the lead petitioner and his wife was included on his application.

-4-

found that the lead petitioner's testimony "was not sufficiently detailed, consistent, or believable to provide a coherent account of the basis of his fears . . . ." *Id.* at 58-59. In support of this conclusion, the IJ noted that although the lead petitioner was Christian, he was able to get through school fairly well and was even able to receive post-high school education at a private civil aviation school, in contrast to the IJ's experience with other Indonesian immigrants who have testified that it is very difficult to receive higher education in Indonesia if you are not Muslim. The IJ also found it troubling that the petitioners waited almost eleven years to apply for asylum even though there have been problems in Indonesia for many years including riots in 1989, 1990, 1993, 1996, and 1997. The IJ's credibility determination was also impacted by the fact that petitioner had lost the identification card that allegedly identified him as a Christian and that he had testified at the hearing about an additional beating that he had not included in his original affidavit. Finally, the IJ indicated that he had read about the situation in Indonesia in the 2000 State Department Report and found that although there are still problems with the treatment of Christians and the ethnic-Chinese, the new government is trying to take the right steps to protect everyone in the country.

In petitioners' pro se brief, they argue generally that "we will suffer future acts of persecution based on our Christian religion." Pet'rs Br. at ¶ 2. They do

not, however, explain how the IJ erred in reaching the opposite conclusion other than to complain that although the "Indonesian Government has taken steps to improve or better our situation in Indonesia . . . . Nothing has truly changed . . . ." *Id.* ¶ 5. Finally, petitioners themselves construe the likelihood of their future persecution as "more than a one-in-ten chance." *Id.* ¶ 2. A better than ten percent chance of persecution does not qualify as "more likely than not." 8 C.F.R. § 208.16(b)(2). After reviewing the record in accordance with the prescribed deferential standard of review, we cannot conclude that a reasonable adjudicator would be compelled to reject the IJ's findings of fact nor can we say that his credibility findings were substantially unreasonable.

This court will not consider respondent's motion for summary denial of review petition in lieu of answering brief because it does not comply with 10th Cir. R. 27.2. We DISMISS the petition for review of petitioners' asylum application for lack of jurisdiction. We DENY the petition for review of petitioners' request for withholding of removal and we AFFIRM the BIA's decision.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-6-