**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CURTIS E. CRAWFORD,

    Petitioner - Appellant,

v.

DENNIS CALLAHAN, Warden,

    Respondent - Appellee.

No. 06-6181
(D.C. No. 05-CV-895-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Curtis E. Crawford, a federal prisoner proceeding pro se, appeals a district

court order granting summary judgment for Callahan on Crawford's § 2241

habeas petition.  Crawford's parole was revoked on June 1, 2005, and he now

challenges his subsequent detention.  Although Crawford previously filed a

habeas petition in the United States District Court for the District of Columbia,

Crawford v. U.S. Parole Bd., 2006 WL 2708677 (D.D.C. Sept. 20, 2006)

---

[*]The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

(unpublished opinion), the district court in this case found that Crawford's petition was not successive, and thus did not warrant dismissal under 28 U.S.C. § 2244(a).[1] Because Crawford's petition is successive, we hold that § 2244(a) applies. Accordingly, we **REVERSE** the district court's grant of summary judgment, and **DISMISS** Crawford's petition for lack of jurisdiction.

Crawford was arrested on March 25, 2005 pursuant to a parole violator warrant issued by the United States Parole Commission ("USPC"). The warrant alleged that Crawford had failed to report to his parole officer and had used illegal narcotics. Crawford advances several grounds for relief in his appeal, claiming: (1) The USPC erred in setting his supervision release date; (2) The USPC erred in assigning him to a sex offender supervision unit; (3) He received ineffective assistance of counsel; (4) He was subject to unlawful forfeiture of "street time;" and (5) The parole board violated his due process rights at his parole revocation hearing.

A petitioner who previously filed a § 2241 petition in federal court may not file a successive habeas petition on the same issue(s), except as provided by 28 U.S.C. § 2255, if that court made a determination as to whether a writ should issue. 28 U.S.C. § 2244(a). Petitions for relief under § 2241 fall within the ambit

---

[1] Crawford's habeas petition in the District of Columbia was filed on May 27, 2005, whereas his petition in the Western District of Oklahoma was filed on August 5, 2005. The magistrate judge in this case appears to have erred in finding that the earlier petition was filed in the Superior Court for the District of Columbia.

of § 2244(a).  See George v. Perrill, 62 F.3d 333, 334 (10th Cir. 1995).  Before considering Crawford's petition on the merits, the district court found that Crawford's earlier § 2241 petition qualified as a state court petition, and therefore did not count as a prior federal habeas petition for purposes of § 2244(a).  The court cited Banks v. Smith for the proposition that "when considering a writ of habeas corpus a prisoner of the District of Columbia is considered a State prisoner, when the prisoner is held under a conviction of the D.C. Superior Court."  377 F. Supp. 2d 92, 94 (D.D.C. 2005).  Because Crawford's earlier petition "has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus," and because Crawford's petition cannot be construed as an application to file a successive habeas petition under § 2255, we do not have jurisdiction over this petition.

For the reasons stated above, we **REVERSE** the district court's grant of summary judgment to Callahan on all of Crawford's claims, and **DISMISS**. Further, because we agree with the district court that Crawford offers no evidence contradicting his parole release date, and hence does not raise "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997), we **DENY** his motion for leave to proceed in forma pauperis on appeal.

Finally, Crawford's remaining outstanding motions are **DENIED** as moot.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge