**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RANDALL BIAS,

   Petitioner - Appellant,

v.

UNITED STATES OF AMERICA;
JOSEPH SCIBANA, Warden,

   Respondents - Appellees.

No. 06-6272
(D.C. No. CIV-06-248-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.[**]

   Petitioner-Appellant Randall L. Bias, a federal inmate appearing pro se,

seeks to appeal the district court's order dismissing his 28 U.S.C. § 2241 petition.

See Bias v. United States, No. CIV-06-248-R, 2006 WL 1888884 (W.D. Okla.

July 7, 2006).  The district court dismissed four of the five claims contained in

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

the petition without prejudice for lack of jurisdiction (because they were actually § 2255 claims). The court dismissed the final claim, concerning the execution of Mr. Bias's sentence, with prejudice. It is from that dismissal that Mr. Bias appeals. We deny Mr. Bias's motion to proceed in forma pauperis (IFP) and dismiss the appeal.

## Background

On December 2, 1998, after the government had rested its case during a jury trial, Mr. Bias pled guilty to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). As part of the plea agreement, the government agreed to recommend that Mr. Bias receive credit towards his federal sentence for the time he was incarcerated from his arrest to his sentencing. Mr. Bias was subsequently sentenced to a term of 168 months on each count, to be served concurrently. On appeal, we affirmed Mr. Bias's sentence. See United States v. Bias, 201 F.3d 449 (Table), 1999 WL 1083749 (10th Cir. 1999).

The district court was subsequently notified by the Bureau of Prisons (BOP) on November 28, 2000, that it would be unable to grant Mr. Bias credit towards his federal sentence for his pre-sentence incarceration because that time

had been credited towards a separate California state sentence. See 18 U.S.C. § 3585(b). After administrative review, Mr. Bias filed a 28 U.S.C. § 2255 motion alleging that the government violated his plea agreement based on the BOP's failure to provide him with credit as recommended by the government and the district court. The district court denied Mr. Bias's § 2255 motion because it was untimely, but it also noted that the motion was without merit because the government had recommended that Mr. Bias receive credit and the plea agreement specifically stated that the government's recommendations were not binding. See United States v. Bias, No. 02-3291, 2003 WL 22003091 (D. Kan. June 2, 2003). Mr. Bias did not appeal. Mr. Bias filed the instant § 2241 petition on May 18, 2006.

## Discussion

On appeal, Mr. Bias challenges the district court's determination that his claim is successive and that he cannot make a claim of factual innocence because he pled guilty. Under 28 U.S.C. § 2244(a), "a section 2241 petition which presents no new grounds for relief is subject to dismissal as a successive petition unless the ends of justice require consideration of the merits." George v. Perrill, 62 F.3d 333, 334 (10th Cir. 1995). The district court dismissed Mr. Bias's claim with prejudice because the same claim was previously adjudicated and rejected by

- 3 -

the sentencing court in the earlier § 2255 petition. To the extent that the district court determined that Mr. Bias failed to show cause and prejudice or a fundamental miscarriage of justice, it was undoubtedly correct. See George, 62 F.3d at 335.

In order to proceed IFP, Mr. Bias is required to demonstrate not only a financial inability to pay the required fees, but also "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted). This he has failed to do. The appeal is frivolous and wholly without merit. We therefore DENY his motion to proceed IFP and DISMISS the appeal. See 28 U.S.C. § 1915(e)(2)(B)(i).

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge