**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 20 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS WOODBERRY,

      Petitioner - Appellant,

v.

DAVID MCKUNE, Warden, Lansing
Correctional Facility,

      Respondent - Appellee.

No. 04-3475
(D.C. No. 02-CV-3407-SAC)
(D. Kan.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

Mr. Thomas Woodberry, a Kansas prisoner proceeding pro se, seeks a

Certificate of Appealability ("COA") allowing him to appeal the district court's

order dismissing his habeas corpus petition brought under 28 U.S.C. § 2241. The

district court dismissed the petition as a successive action and denied a motion to

alter or amend the judgment. Because Mr. Woodberry has failed to demonstrate

that reasonable jurists would find it debatable whether the district court's

procedural ruling was correct, and whether his habeas petition makes a substantial

showing of the denial of a constitutional right, we deny a COA and dismiss the

appeal. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The parties are familiar with the facts and intricate procedural history in this case, and we need not fully repeat them here. In essence, Mr. Woodberry asserts that the state has illegally denied him the statutory good time credits to which he is entitled. Importantly, Mr. Woodberry has sought habeas relief unsuccessfully on at least three previous occasions. See Woodberry v. Bruce, No. 01-3056-DES (D. Kan. May 24, 2001); Woodberry v. Hannigan, No. 99-3246-DES (D. Kan. May 10, 2001); Woodberry v. Bruce, Nos. 00-3394-DES & 00-3407-DES (D. Kan. Jan. 1, 2001). The district court transferred the instant case to determine whether Mr. Woodberry should be granted permission to file a successive habeas petition. Construing Mr. Woodberry's petition as arising under § 2241, we remanded the case because authorization is not required to file a second or successive § 2241 petition.

Under 28 U.S.C. § 2244(a), a district court may dismiss a petition for writ of habeas corpus brought pursuant to § 2241 if it appears that a federal court has previously passed on the legality of the petitioner's detention in a prior habeas application and no new claim is raised. Where the second or successive petition raises a new claim that could have been raised previously, the abuse-of-the-writ doctrine applies. McCleskey v. Zant, 499 U.S. 467, 483-84 (1991). A petitioner must then demonstrate cause and prejudice or a fundamental miscarriage of justice if the claim is to be heard. George v. Perrill, 62 F.3d 333, 335 (10th Cir.

- 2 -

1995).  While it does not appear that Mr. Woodberry raised the precise claim at issue here in his three previous petitions, the district court found that Mr. Woodberry was aware of the factual basis of his claim when he filed his previous federal petition.  Doc. 24 at 3-4.  Mr. Woodberry has failed to show cause or a fundamental miscarriage of justice.  This failure has in no way been remedied on appeal.

Accordingly, having carefully reviewed the record and pleadings, we DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge