F I L E D
**United States Court of Appeals
Tenth Circuit**

**February 21, 2006**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN J. MCCARTHY,

        Petitioner-Appellant,

v.

(FNU) (LNU), Warden, USP
Leavenworth,

        Respondent-Appellee.

No. 05-3232

(D.C. No. 04-CV-3131-RDR)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **McKAY,** and **EBEL**, Circuit Judges.

After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

This is a pro se appeal under 28 U.S.C. § 2241. In January 1994, Mr.
McCarthy was sentenced in federal district court to a term of 235 months'
imprisonment for two counts of possession of a firearm. At that time, the

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentencing court was aware that Mr. McCarthy would also soon be sentenced in state court and that the state court was likely to impose its sentence to run concurrently with the federal sentence. The federal sentencing court, however, did not indicate whether the federal sentence would run concurrently with the state sentence. In April 1994, the state court sentenced Mr. McCarthy to 84 months' imprisonment to run concurrently with the federal sentence. Mr. McCarthy completed his state sentence and was transferred to federal custody for the completion of his federal sentence.

By his § 2241 petition, Mr. McCarthy seeks to force the Bureau of Prisons ("BOP") to credit the time that he served in state prison to the time he must serve in federal prison–that his federal sentence should run concurrently with his state sentence. In an earlier § 2241 petition, Mr. McCarthy sought to force the BOP to credit him the state-served time. *McCarthy v. Doe*, 146 F.3d 118 (2d Cir. 1998). The Second Circuit remanded the case to the district court and then the BOP to determine whether Mr. McCarthy qualified to have the federal sentence run concurrently with the state sentence. *Id.* at 123. The BOP denied Mr. McCarthy's request and determined that his federal sentence was to be served consecutively with his state sentence. In this § 2241 action, Mr. McCarthy argues that the BOP was required to credit him the state-served time or, in the alternative, that the BOP abused its discretion in denying him the credit.

As the district court noted, when a prisoner is subject to both state and federal sentences, both jurisdictions have considerable discretion in determining where a prisoner will be confined, with the sovereign that first arrests generally having primary jurisdiction. Here, Connecticut had primary custody over Mr. McCarthy and credited time spent–prior to the commencement of his federal sentence–to his state sentence. Because Mr. McCarthy has received state credit for this time and the federal district court did not order the federal sentence to be served concurrently with any state sentence, he does not deserve federal credit for his time spent in state custody. *See* 18 U.S.C. § 3585(b) (allowing credit for time spent in detention prior to the commencement of a federal sentence where that time has not been credited on another sentence). Further, in light of Mr. McCarthy's criminal history and prior convictions, the Bureau of Prisons did not abuse its discretion when it declined to designate a state institution for the service of his federal sentence.

In response to Mr. McCarthy's motion for a ruling, the district court entered a judgment dismissing Mr. McCarthy's § 2241 habeas corpus petition on May 27, 2005. We treat the district court's order as a Rule 56 grant of summary judgment and review it de novo. *Stanko v. Maher*, 419 F.3d 1107, 1111 (10th Cir. 2005). We have carefully reviewed Mr. McCarthy's brief, the district court's order, and the record on appeal, and for substantially the same reasons set forth

by the district court's May 27, 2005, Order, we **AFFIRM** the district court's

May 27, 2005, dismissal of Mr. McCarthy's petition for 28 U.S.C. § 2241 habeas

corpus relief.

Entered for the Court


Monroe G. McKay
Circuit Judge