**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 10, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WESLEY LAMONT MAXWELL,

Petitioner-Appellant,

v.

JAMES JANECKA, Warden, Lea
County Correctional Facility;
and ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

Respondents-Appellees.

No. 05-2060
(D.C. No. CV 04-994 JH/ACT)
(New Mexico)

**ORDER**

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Wesley Lamont Maxwell, a state prisoner proceeding *pro se*, seeks a

certificate of appealability (COA) to challenge the district court's dismissal of his

petition for federal habeas relief pursuant to 28 U.S.C. § 2241. The district court

dismissed Mr. Maxwell's petition in part on the ground that it was a second or

successive one, and thereafter denied his application for a COA. We liberally

construe Mr. Maxwell's pleadings and submissions to this court, *Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972); *Cummings v. Evans*, 161 F.3d 610, 613

(10th Cir. 1998), and conclude that jurists of reason would not find debatable the

district court's dismissal of Mr. Maxwell's petition as successive. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).[1]  We therefore decline to grant a COA.

Mr. Maxwell makes one claim in his instant habeas petition, that New Mexico state officials failed to calculate his good time credits correctly for an eighteen year sentence he is currently serving.  Mr. Maxwell was initially sentenced in 1997 to eighteen years imprisonment in New Mexico state court. After successfully challenging his sentence, he was resentenced to the same eighteen year term.  The sentencing court suspended that sentence, however, and placed Mr. Maxwell on a five year term of probation.  Mr. Maxwell violated the terms of his probation on at least two different occasions, resulting in the revocation of his probation and his current state of incarceration.  He now claims that in the course of these criminal proceedings, the State of New Mexico miscalculated his previously earned good time credits and thereby violated his double jeopardy rights.[2]

Prior to bringing the petition currently under review, Mr. Maxwell had filed a federal habeas petition alleging claims similar or related to the one here.  After

_____

[1]Because we deny Mr. Maxwell's request for COA on the grounds that his petition is successive, we need not address the other reasons given by the district court for dismissing his petition.

[2]Because Mr. Maxwell is challenging the manner in which his sentence is being executed rather than the validity of his underlying conviction, the district court properly construed his petition as arising under 28 U.S.C. § 2241 rather than § 2254.  *See Montez v. McKinna*, 208 F.3d 862 (10th Cir. 2000).

determining Mr. Maxwell's current petition raised claims he had presented earlier, the court dismissed the petition as successive.

Under 28 U.S.C. § 2244(a), "a section 2241 petition which presents no new grounds for relief is subject to dismissal as a successive petition unless the ends of justice require consideration of the merits." *George v. Perrill*, 62 F.3d 333, 334 (10th Cir. 1995). Moreover, where a successive § 2241 petition raises a new claim, a court may decline to hear the claim under the doctrine of abuse of the writ where the issue could have been raised previously. *Id.* "When a pro se petitioner presents a new claim in a second or subsequent habeas petition, the prisoner must show cause and prejudice . . . . Absent such a showing, a court may not hear the claim unless a petitioner shows that the case implicates a fundamental miscarriage of justice." *Id.* at 335 (internal quotations omitted).

The most liberal construction of Mr. Maxwell's petition might allow for the conclusion that the good time claim he raises in his second request for relief is slightly different from that raised in his first. We need not decide whether Mr. Maxwell's claim is new or repeated, however, because his failure to make any showing of cause and prejudice or a fundamental miscarriage of justice bars the second action in either event. *See id.* (citing *Schlup v. Delo*, 513 U.S. 298, 317-23 (1995)). We thus do not find debatable the district court's conclusion that Mr. Maxwell's petition warranted dismissal.

Accordingly, we **DENY** COA and **DISMISS** the appeal.

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge