

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-7-2007

# Mackey v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5119

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Mackey v. Smith" (2007). *2007 Decisions*. Paper 610.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/610

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5119

EVARISTUS MACKEY,
                                        Appellant

v.

JOSEPH SMITH, Warden

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 05-cv-1837
(Honorable A. Richard Caputo)

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 24, 2007
Before:  SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges

(Filed   August 7, 2007  )

OPINION OF THE COURT

PER CURIAM.

     Evaristus Mackey, an inmate at the United States Penitentiary (USP) in Bruceton

Mills, West Virginia (USP-Hazleton), appeals the dismissal of his civil rights complaint

by the United States District Court for the Middle District of Pennsylvania.[1]  For the reasons below, we will affirm the District Court's judgment.

In September 2005, Mackey filed a pro se Bivens[2] complaint, alleging that he was being punished at USP-Lewisburg for an "incident on 10-9-03" that occurred while Mackey was an inmate at USP-Pollock, and that the punishment was excessive.[3]  Mackey protested his placement in the Special Housing Unit (SHU) and the Special Management Unit Program (SMU) at USP-Lewisburg;  he sought a transfer to another institution, monetary damages, and any other appropriate relief.

The District Court granted Mackey's application for leave to proceed in forma pauperis and dismissed the complaint for failure to state a claim for relief.  The District Court determined that Mackey was not being punished excessively because his placement in the SHU was due to a 2005 misconduct and his refusal to participate in the SMU program, rather than the "incident on 10-9-03."  This conclusion was based upon an exhibit attached to the complaint, which contradicted allegations made in the complaint.  The exhibit, a letter from National Appeals Administrator Harrell Watts, states that

---

[1] At the time he filed his complaint, Mackey was an inmate at USP-Lewisburg in Pennsylvania.

[2] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[3] Although Mackey titled his complaint as arising under the Federal Employer's Liability Act (FELA), the FELA creates a cause of action for tort claims by injured railway workers and is inapplicable here.  See 45 U.S.C. § 51.

Mackey's last incident of misconduct occurred on June 30, 2005, and that Mackey's refusal to participate in the SMU program warranted his placement in the SHU at USP-Lewisburg.

Mackey timely appealed from the District Court's order. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

Mackey argues that his placement in the SMU program at USP-Lewisburg violated his constitutional rights. As we have explained, a protected liberty interest can arise either from the Due Process Clause itself or from state law. Asquith v. Department of Corrections, 186 F.3d 407, 409 (3d Cir. 1999). No liberty interest arising from the Due Process Clause is implicated here because the conditions of confinement to which Mackey was subjected were within the sentence imposed upon him and did not otherwise violate the Constitution. See Fraise v. Terhune, 283 F.3d 506, 522 (3d Cir. 2002).

The question then is whether Mackey was deprived of any state-created liberty interest. To implicate such an interest, a placement in restricted housing must impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Placement in a restricted housing program will not be considered an atypical and significant hardship if it is what a prisoner "may reasonably expect to encounter as a result of his or her conviction." Asquith v. Dep't of Corrections, 186 F.3d 407, 412 (3d Cir. 1999). Mackey contends that

3

he was placed in the SMU from May 17, 2004, to October 3, 2005. See Appellant's Br. at 2. Inmates in the program are restricted to five hours of recreation per week, three showers per week, and one telephone call in a thirty-day period. See Appellee's Br. at 8.[4] These conditions do not impose an atypical and significant hardship in relation to the ordinary incidents of prison life, and Mackey has not been deprived of a protected liberty interest by his placement in the SMU program. See Fraise, 283 F.3d at 522-23 (prisoner's placement in special management unit did not impose atypical and significant hardship).

Mackey's placement in the SHU at USP-Lewisburg also was within "the ordinary incidents of prison life" and thus did not violate his constitutional rights. See Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir. 2002); Griffin v. Vaughn, 112 F.2d 703, 706-08 (3d Cir. 1997). Mackey's refusal to participate in the SMU program at USP-Lewisburg resulted in his receiving incident reports which, in turn, caused his placement in the SHU. Although Mackey contends that he was being punished for an incident that occurred in 2003 at USP-Pollock, documents that Mackey submitted to the District Court show that Mackey's refusal to participate in the SMU program and his latest misconduct, which occurred in June 2005, led to his placement in the SHU.

---

[4]As described in the first exhibit to Appellant's complaint, and clarified by Appellee in his brief, the SMU program is designed to teach inmates self-discipline and social values, and to facilitate their ability to co-exist with other inmates. An inmate who follows the program will complete it in twelve to eighteen months. Progress in the program results in a decrease in restrictions and, ultimately, a return to the general population. An inmate's failure to comply with the program results in greater restrictions and increased duration of the program.

Accordingly, we will affirm the judgment of the District Court.