**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 15, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN J. McCARTHY,

      Petitioner-Appellant,

      v.

WARDEN USP FLORENCE,

      Respondent-Appellee.

No. 08-1386

(D.C. No. 08-CV-00961-ZLW)

(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

*Pro se* Petitioner John J. McCarthy, a federal prisoner, appeals the district

court's denial of his 28 U.S.C. § 2241 habeas corpus petitions.

Petitioner filed two habeas petitions in the same case, asserting various

claims. The first petition asserted claims relating to deliberate indifference to his

medical needs, limited access to the courts and the administrative process,

reckless endangerment from prison gangs, and his placement in solitary

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2). Therefore, this case is ordered submitted without oral argument.

confinement. The second petition constitutes the main focus of the case. In it, Petitioner challenged the computation of his federal sentence. Specifically, he claimed he was entitled to credit against his federal sentence for seven years he spent serving a state sentence.

By way of background, in January 1994, Petitioner was sentenced in federal district court to 235 months in prison. Although aware Petitioner would be sentenced in state court soon thereafter, the federal court did not indicate whether the federal sentence was to run concurrently with or consecutively to the state sentence. The state court subsequently sentenced Petitioner to 84 months in prison, to run concurrently with the federal sentence. Petitioner first served his state sentence. Upon its completion, he was moved into federal custody to begin his federal sentence. Petitioner challenges the Bureau of Prison's refusal to grant credit against his federal sentence for the time spent in state custody.

We review the district court's legal conclusions in denying Petitioner's habeas claims *de novo*. *See Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999). The district court rejected Petitioner's challenge to the execution of his sentence on the grounds that his claim was successive. As noted by the court, Petitioner previously raised the same claim in the United States District Court, District of Kansas, in 2006. We affirmed the district court's dismissal of this claim in *McCarthy v. Warden*, 168 F. App'x 276, 277 (10th Cir. 2006). In *McCarthy*, we noted that Connecticut had primary custody over Petitioner and had

given him state credit for the time he served before transferring him to federal custody. Accordingly, under 18 U.S.C. § 3585(b), where the federal district court did not order the sentences to run concurrently, Petitioner did not merit federal credit for serving state time. In this case, Petitioner raises the same claims as in the prior case, but combines them with slightly different legal arguments on appeal.

Petitioner first contends that the district court erroneously relied upon *George v. Perrill*, 62 F.3d 333 (10th Cir. 1995), in dismissing his petition because the Antiterrorism and Effective Death Penalty Act, 110 Stat. 1214, does not apply to § 2241 appeals. With this contention, Petitioner succeeds in highlighting a problematic aspect of the district court's opinion. *George* is a pre-AEDPA case. Post-AEDPA, it is unclear whether appellate court preauthorization is required before a prisoner may file a second or successive writ of habeas corpus under § 2241. As we noted in *Ackerman v. Novak*, 483 F.3d 647 (10th Cir. 2007):

> Prior to AEDPA, this court held in *George v. Perrill*, 62 F.3d 333, 334 (10th Cir. 1995), that "a section 2241 petition which presents no new grounds for relief is subject to dismissal as a successive petition unless the ends of justice require consideration of the merits." We based this holding on the pre-AEDPA version of 28 U.S.C. § 2244(a), which stated: "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such

-3-

inquiry." *George*, 62 F.3d at 334 (quoting pre-AEDPA version of § 2244(a)).

AEDPA amended § 2244(a) in 1996 to now read: "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, *except as provided in section 2255.*" 28 U.S.C. § 2244(a) (emphasis added).

The reference to § 2255 in the AEDPA-amended version of § 2244(a) appears to incorporate the appellate pre-authorization gatekeeping requirements of § 2255 para. 8, which sets forth the grounds upon which a circuit court may authorize a second or successive § 2255 motion, and, in turn, incorporates the pre-authorization procedures in § 2244(b)(3). We do not decide this issue, however . . . .

*Id.* at 649–650.

However, post-AEDPA published cases from other circuits generally point to the lack of a gatekeeping requirement for successive § 2241 appeals. For instance, in *Antonelli v. Warden*, 542 F.3d 1348 (11th Cir. 2008), the Eleventh Circuit concluded that because the petitioner raised claims cognizable under § 2241 but not § 2255, his petition was not subject to gatekeeping. Therefore, the district court's dismissal of the § 2241 petition for failure to obtain prior appellate permission to file was erroneous. However, the court affirmed the district court on an alternative basis: because the petitioner's claims were successive. Quoting the post-AEDPA version of § 2244(a), the court determined that because the petitioner's claims had been previously adjudicated on the merits in a habeas

proceeding, his petition was successive and properly dismissed. With respect to § 2244(a)'s reference to § 2255, the court explained:

> At first glance, one might conclude from the proviso ("except as provided in section 2255") that § 2241 petitions by federal prisoners are indeed subject to gatekeeping via § 2255(h), which is the only provision of § 2255 addressing the fate of successive motions to vacate. But § 2255(h), by its terms, applies only to a "second or successive *motion*"—that is, a second or successive motion to vacate a sentence under § 2255. Hence, § 2255(h) does not apply to § 2241 habeas corpus *petitions*, assuming the prisoner raises claims properly brought under the latter provision.

*Id.* at 1352 n.2.

Also in *Antonelli*, the Eleventh Circuit outlined the approaches of other circuits to address the issue, noting that the four circuits that had considered the issue generally agreed that gatekeeping requirements did not apply to successive § 2241 petitions:

> First, the Seventh Circuit in the case of *Valona v. United States*, 138 F.3d 693, 694–95 (7th Cir. 1998), considered the issue in circumstances similar to those presented here: a convicted federal prisoner challenging a parole determination under § 2241, after previously seeking relief under § 2255. The court concluded no gatekeeping was required for collateral attacks by a federal prisoner that "do not address the conviction or sentence." *Id.* at 695. Other circuits have held that § 2241 petitioners filing second or successive petitions for relief from deportation, *Zayas v. INS*, 311 F.3d 247, 255–56, (3rd Cir. 2002), or from extradition, *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000), need not obtain prior appellate approval. . . .
>
>     Nor does *Rittenberry v. Morgan*, 468 F.3d 331 (6th Cir. 2006), suggest a contrary result. In that case, the Sixth Circuit held that some § 2241 petitions are subject to gatekeeping under § 2244(b). But any appearance of conflict is illusory. In *Rittenberry*, unlike the

other three cases cited *supra*, the prior petition was filed under § 2254. Then, the state prisoner simply filed successive claims, nominally under § 2241, that sought to collaterally attack his judgment of conviction. In other words, the petitioner sought to avoid the procedural strictures of § 2254 by captioning his petition "2241." Subjecting such petitions to gatekeeping is not inconsistent with the above-cited authority, nor with the logic of our own cases.

*Id.* at 1351.

To date, this circuit has not settled this issue. Indeed, our unpublished cases have largely continued to follow *George* (as did the district court), applying the pre-AEDPA version of § 2244(a). *See, e.g.*, *White v. McKinna*, No. 06-1069, 2006 WL 1234867, at *1 (10th Cir. May 2, 2006) (unpublished); *Maxwell v. Janecka*, 191 F. App'x 717, 718 (10th Cir. 2006); *Verner v. AG*, 190 F. App'x 592, 593–594 (10th Cir. 2006); *Woodberry v. McKune*, 130 F. App'x 246, 247 (10th Cir. 2005). In light of the unsettled question of whether appellate court preauthorization is required before a prisoner may file a successive writ under § 2241 or whether district courts may continue to address this issue as they did pre-AEDPA, it seems problematic for the district court to dismiss Petitioner's writ *sua sponte* based on the pre-AEDPA version of § 2244(a). The court's rejection of the rest of Petitioner's claims as abusive is similarly problematic. It is not clear whether pre-AEDPA case law regarding abusive petitions continues to apply under the revised version of § 2244(a). Therefore, although we reach no conclusions about the ultimate merits of this case or any other procedural issues that may be present, we conclude the court's dismissal of the action *sua sponte*

-6-

without consideration of these unsettled legal questions or briefing by the respondent was in error. Therefore, we remand this case for further consideration of this issue.

For the foregoing reasons, we **REVERSE** the district court's dismissal of Petitioner's § 2241 action, and we **REMAND** for further proceedings not inconsistent with this order and judgment. In so doing, we reach no conclusions as to the ultimate merits of this case, nor do we reach any procedural issues that may be raised on remand. Additionally, we **GRANT** Petitioner's motion to proceed in forma pauperis. All other pending motions are **DENIED**.

Entered for the Court


Monroe G. McKay
Circuit Judge