BLD-122                                                             NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4661
_____

JOHN J. McCARTHY, Appellant

v.

WARDEN, USP Lewisburg
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-1609)
District Judge:  Honorable William W. Caldwell
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 25, 2011
Before:  SLOVITER, JORDAN AND GREENAWAY, JR., Circuit Judges

(Opinion filed:  March 14, 2011)
_____

OPINION
_____

PER CURIAM

Petitioner John McCarthy, an inmate currently incarcerated at USP-Lewisburg,

appeals pro se from the dismissal of his petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2241.  Because we conclude that this appeal presents no substantial question,

we will summarily affirm the District Court's judgment. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

McCarthy is serving a 235-month sentence imposed by the United States District Court for the District of Connecticut. He entered federal custody at the conclusion of a concurrent, 84-month state sentence.[1] On some unspecified date, McCarthy was transferred to the Special Management Unit (SMU) at USP-Lewisburg.[2] In July 2010, McCarthy filed a putative habeas petition under § 2241 in the United States District Court for the Middle District of Pennsylvania. In the petition, McCarthy claimed that "the process accorded to him [as the predicate for transfer to the SMU] was perfunctory," and thus violative of his due process rights. He also claimed both that the SMU was created arbitrarily and in contravention of federal law, and that he is being denied a cell change.

By order entered December 2, 2010, the District Court adopted the Magistrate Judge's recommendation that McCarthy's habeas petition "be dismissed without prejudice to the petitioner asserting his claims in a <u>Bivens</u> action." The Magistrate Judge had rejected McCarthy's contention that, under <u>Woodall v. Federal Bureau of Prisons</u>,

---

[1] The factual circumstances surrounding McCarthy's state and federal sentences are set forth in <u>McCarthy v. Doe</u>, 146 F.3d 118, 119-20 (2d Cir. 1998), and <u>McCarthy v. Warden, USP Leavenworth</u>, 168 F. App'x 276, 277 (10th Cir. 2006).

[2] "[T]he SMU program is designed to teach inmates self-discipline and social values, and to facilitate their ability to co-exist with other inmates. An inmate who follows the program will complete it in twelve to eighteen months. Progress in the program results in a decrease in restrictions and, ultimately, a return to the general population. An inmate's failure to comply with the program results in greater restrictions and increased duration of the program." <u>Mackey v. Smith</u>, 249 F. App'x 953, 954 n.4 (3d Cir. 2007). In addition, SMU inmates "are restricted to five hours of recreation per week, three showers per week, and one telephone call in a thirty-day period." <u>Id.</u> at 954.

2

432 F.3d 235 (3d Cir. 2005), McCarthy's claims are cognizable in habeas proceedings as challenges to the "execution" of his sentence. The Magistrate Judge had reasoned that, "[u]nlike the transfer at issue in Woodall, which involved a transfer to a community corrections center, the petitioner's transfer involved the transfer from one federal prison to another." McCarthy appealed.[3]

McCarthy's habeas petition does not challenge the basic fact or duration of his imprisonment, which is the "essence of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Rather, McCarthy's principal objection is to serving part of his sentence in USP-Lewisburg's SMU. As we have explained, "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 [or Bivens] is appropriate." Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). And we agree with the District Court that because McCarthy's transfer to the SMU does not cross the line beyond "a garden variety prison transfer," the transfer does not give rise to a habeas claim under Woodall. 432 F.3d at 243.

Accordingly, because no "substantial question" is presented as to the dismissal of McCarthy's putative habeas petition, we will summarily affirm the judgment of the District Court entered December 2, 2010.

---

[3] We have jurisdiction under 28 U.S.C. § 1291, and our review is plenary. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).