**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 11-1243 & 11-1404
_____

JOHN J. MCCARTHY,
                                        Appellant

v.

WARDEN USP LEWISBURG
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:10-cv-01673)
District Judge:  Honorable William W. Caldwell

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 14, 2011

Before: FUENTES, GREENAWAY, JR., and GREENBERG, <u>Circuit Judges</u>

(Opinion filed: October 18, 2011)
_____

OPINION
_____

PER CURIAM

    Federal prisoner John J. McCarthy, proceeding pro se, has brought two appeals

before this Court.  The first challenges a Magistrate Judge's report recommending that

McCarthy's habeas petition filed pursuant to 28 U.S.C. § 2241 be dismissed; the second

1

challenges the District Court's order adopting that recommendation. For the reasons that follow, we lack appellate jurisdiction over the former appeal, and will affirm the District Court's order at issue in the latter appeal.

I.

In January 1994, the United States District Court for the District of Connecticut ("the District of Connecticut") sentenced McCarthy to 235 months' imprisonment following his conviction for two counts of possession of a firearm by a prohibited person. At sentencing, McCarthy's trial counsel informed the court that McCarthy would soon be sentenced on state criminal charges that had been pending in Connecticut since 1992, and that his sentence for those charges would likely run concurrently with his federal sentence. Nonetheless, the District of Connecticut did not specify whether McCarthy's federal sentence would run concurrently with, or consecutively to, that future state sentence. In April 1994, McCarthy was sentenced in Connecticut state court to seven years' imprisonment, to run concurrently with his federal sentence. Thereafter, he remained in state custody to serve that state sentence.[1]

In August 1995, McCarthy requested the Bureau of Prisons ("BOP") to designate, nunc pro tunc, the state facility at which he was incarcerated a federal prison, which would allow him to serve his state and federal sentences concurrently. The BOP denied that request, suggesting that it lacked independent authority (i.e., separate from the

---

[1] McCarthy's appearances in federal court had been made pursuant to a writ of habeas corpus ad prosequendum, as it appears that he had been in state custody since his arrest

sentencing judge) to make such a designation. In June 1998, the United States Court of Appeals for the Second Circuit, reviewing the District of Connecticut's denial of McCarthy's petition challenging the BOP's decision, held that the BOP did indeed have authority to grant McCarthy's request for nunc pro tunc designation. See McCarthy v. Doe, 146 F.3d 118, 123 (2d Cir. 1998). Accordingly, the Second Circuit remanded the matter to the District of Connecticut with instructions to remand to the BOP for consideration of the merits of McCarthy's request. See id. On remand, the BOP denied McCarthy's request, highlighting his "extensive" criminal record and the federal sentencing judge's silence as to whether his federal and state sentences would run concurrently.

McCarthy was released from state custody on February 5, 1999, and his federal sentence commenced at that time. In 2004, while incarcerated at the United States Penitentiary ("USP") in Leavenworth, Kansas, he filed a habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Kansas ("the District of Kansas"), claiming that the BOP was required to credit his federal sentence for the time he had spent in state custody. The District of Kansas dismissed the petition, and the United States Court of Appeals for the Tenth Circuit affirmed on appeal, concluding that, "in light of Mr. McCarthy's criminal history and prior convictions, the [BOP] did not abuse its discretion when it declined to designate a state institution for the service of his

---

on state charges in 1992.

3

federal sentence." See McCarthy v. Warden, USP Leavenworth, 168 F. App'x 276, 277 (10th Cir. 2006).

In 2007, at which time McCarthy was incarcerated at USP Lewisburg in Pennsylvania, he filed a § 2241 petition in the United States District Court for the Middle District of Pennsylvania ("the District Court"). Attached to his petition were: (1) a recent request he had made to the BOP to credit his federal sentence for the time he had spent in state custody; and (2) a response from a BOP supervisory inmate systems specialist, stating that this request would be forwarded to the BOP's Designation and Sentence Computation Center for review. In August 2007, the District Court dismissed the petition as unexhausted. In doing so, the court noted that "any subsequent § 2241 petition claiming that the BOP abused its discretion by denying McCarthy's request for *nunc pro tunc* designation may be subject to consideration for abuse of the writ of habeas corpus." McCarthy v. Warden USP Lewisburg, No. 1:07-cv-1052, 2007 U.S. Dist. LEXIS 62882, at *4-5 n.1 (M.D. Pa. Aug. 27, 2007). McCarthy did not appeal from that judgment.

In May 2008, McCarthy, then incarcerated at USP Florence in Colorado, filed yet another § 2241 petition, this time in the United States District Court for the District of Colorado ("the District of Colorado"). In September 2008, the court dismissed the petition as successive. On appeal, the Tenth Circuit reversed and remanded, concluding that

4

> [i]n light of the unsettled question of whether appellate court preauthorization is required before a prisoner may file a successive writ under § 2241 or whether district courts may continue to address this issue as they did pre-AEDPA, it seems problematic for the district court to dismiss [McCarthy's] writ *sua sponte* based on the pre-AEDPA version of § 2244(a).

McCarthy v. Warden USP Florence, 338 F. App'x 739, 742 (10th Cir. 2009).

On remand, the District of Colorado denied McCarthy's habeas petition on the merits, concluding that the BOP had not abused its discretion in refusing to grant nunc pro tunc designation. In November 2010, the Tenth Circuit, noting that it "ha[d] already once affirmed the BOP's denial of a request Mr. McCarthy previously made for such a designation," upheld the District of Colorado's judgment. See McCarthy v. Warden, USP Florence, 403 F. App'x 319, 320-21 (10th Cir. 2010).

Meanwhile, in August 2010, McCarthy, who had been transferred back to USP Lewisburg, filed the instant § 2241 petition in the District Court, claiming that the BOP had "unlawfully transformed his concurrent state term . . . in to [sic] a consecutive state term." After the BOP had filed a response, McCarthy filed a traverse, clarifying that he was challenging the BOP's failure to treat his state and federal sentences as concurrent by designating, nunc pro tunc, a state facility as a federal prison. In light of this clarification, the Magistrate Judge assigned to the case issued an order directing the BOP to file a supplemental response addressing whether this latest habeas petition was barred by 28 U.S.C. § 2244(a). That order permitted McCarthy to file a supplemental reply.

In its supplemental response, the BOP argued that McCarthy's petition was indeed barred by § 2244(a). McCarthy, meanwhile, contended that the BOP had waived that argument by not including it in its original response, and that the Magistrate Judge could not raise the issue sua sponte. He also claimed that his petition was not barred because he was challenging a "new decision" from the BOP.

On December 8, 2010, the Magistrate Judge issued a report recommending that the District Court dismiss McCarthy's habeas petition, concluding that the petition was an abuse of the writ and thus barred by § 2244(a). McCarthy subsequently filed a notice of appeal challenging that recommendation. That appeal was docketed at C.A. No. 11-1243, and was listed by the Clerk of this Court for possible dismissal due to a jurisdictional defect. Meanwhile, on February 7, 2011, the District Court adopted the Magistrate Judge's recommendation and dismissed the petition. McCarthy then filed a second notice of appeal, this time challenging the District Court's order. This latter appeal was docketed at C.A. No. 11-1404, and the two appeals have since been consolidated.

II.

Pursuant to 28 U.S.C. § 1291, we have jurisdiction over appeals from "final decisions" of the district courts. Because the Magistrate Judge's report is merely a recommendation, not a final decision under § 1291, we lack jurisdiction over the appeal at C.A. No. 11-1234. See Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998); Siers v. Morrash, 700 F.2d 113, 115 (3d Cir. 1983). Conversely,

6

because the District Court's February 7, 2011 order *is* a final decision under § 1291, we have jurisdiction over the appeal at C.A. No. 11-1404. In reviewing that order, "[w]e exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." See O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam).

Having considered the parties' arguments, and for the reasons set forth in the Magistrate Judge's cogent report, which was adopted by the District Court, we agree with the court's dismissal of McCarthy's latest habeas petition as an abuse of the writ. Although it does not affect our decision here, we write further to address a recent development highlighted by McCarthy in his briefing. Attached to his "Addendum Brief" is a letter addressed to him, dated June 29, 2011, from the Honorable Peter C. Dorsey of the District of Connecticut.[2] The letter states as follows:

> I have received your letter dated May 14, 2011, in which you request that I make your federal sentence run concurrently with your state sentence. I have written a letter to the Warden of USP Lewisburg recommending that your federal sentence run concurrently with your state sentence and that both sentences be served in one penal institution.

(Attach. to Addendum Br.) The BOP did not address this letter in its response brief; however, we trust that, if this letter is indeed from Judge Dorsey, the BOP, to the extent it

---

[2] Although Judge Dorsey was not McCarthy's sentencing judge, McCarthy's criminal case was reassigned to Judge Dorsey in or about January 2000 (at which time McCarthy was pursuing collateral relief).

has not already done so, will give his recommendation due consideration and render a decision promptly.

In light of the above, we will dismiss the appeal at C.A. No. 11-1243 for lack of appellate jurisdiction, and will affirm the District Court's order at issue in C.A. No. 11-1404. McCarthy's request for appointment of counsel is denied.