CLD-027                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3496
_____

JOHN J. MCCARTHY,
                                          Appellant

v.

WARDEN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-12-cv-00846)
District Judge:  Honorable William W. Caldwell
_____

Submitted on Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 31, 2013

Before: FUENTES, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: November 1, 2013)
_____

OPINION
_____

PER CURIAM

        John J. McCarthy appeals pro se from the District Court's order denying his

petition under 28 U.S.C. § 2241 for a writ of habeas corpus.  We will grant appellee's

motion for summary action and affirm.

I.

In 1994, McCarthy was sentenced for criminal convictions in both federal and state court in Connecticut. He is currently serving his federal sentence, which he began after completing his state sentence in 1999, and he is scheduled for release in December of 2016. The Connecticut federal court imposed its sentence first and, although it knew that McCarthy faced state sentencing as well, it did not specify whether its sentence should run concurrently with or consecutively to the state sentence. The Bureau of Prisons ("BOP") has treated McCarthy's federal sentence as consecutive. Since 1995, McCarthy has filed numerous § 2241 habeas petitions in courts across the country arguing that the BOP is required to treat it as concurrent instead. In particular, McCarthy has argued that the BOP is required to do so by designating, nunc pro tunc, the state facility in which he served his state sentence before beginning his federal sentence as the place for service of his federal sentence pursuant to 18 U.S.C. § 3621(b). See, e.g., McCarthy v. Warden USP Lewisburg, 448 F. App'x 287, 288-89 (3d Cir. 2011) (summarizing McCarthy's previous litigation of this issue).

McCarthy's latest claim is based on a June 29, 2011 letter from the Honorable Peter C. Dorsey, the Connecticut District Judge who was assigned to McCarthy's criminal case after the sentencing judge passed away and who presided over McCarthy's motion under 28 U.S.C. § 2255. In response to a letter from McCarthy, Judge Dorsey notified him that "I have written a letter to the Warden of USP Lewisburg recommending that your federal sentence run concurrently with your state sentence and that both sentences be served in one penal institution." We noted that letter in affirming the

2

District Court's dismissal of one of McCarthy's previous petitions as an abuse of the writ. See McCarthy, 448 F. App'x at 290. The letter was not properly before us on appeal, but we stated our trust that the BOP would duly consider it to the extent the BOP might not already have done so. See id. McCarthy later filed another § 2241 petition on the basis of Judge Dorsey's letter in the Western District of Louisiana, to which he had been transferred, and that court dismissed it as successive. See McCarthy v. Warden, Fed. Corr. Ctr., No. 11-2059, 2012 WL 882618, at *1 (W.D. La. Mar. 14, 2012). McCarthy did not appeal.

Instead, having been transferred back to Pennsylvania, he filed the § 2241 petition at issue here asserting that Judge Dorsey's letter constitutes a court order requiring the BOP to treat his federal sentence as concurrent. In response, McCarthy's Warden (the proper respondent) submitted various documents showing that the BOP denied McCarthy's latest request for nunc pro tunc designation in 2011 after considering Judge Dorsey's recommendation and the factors set forth in § 3621(b), including McCarthy's extensive history of prison disciplinary violations. Those documents included a second letter from Judge Dorsey dated July 28, 2011, clarifying that his prior letter was merely a recommendation and not a court order:

> In a letter dated June 29, 2011, I wrote to you regarding John J. McCarthy, an inmate at USP Lewisburg. In that letter, I recommended that Mr. McCarthy's federal sentence run concurrently with his state sentence, and that the two sentences be served in one penal institution. I understand that Mr. McCarthy has since filed a habeas petition indicating that my letter was a court order. I write to you now to make clear that my June 29, 2011 letter was a recommendation, not a court order.

3

(ECF No. 7-3 at 52.) Those documents also included the BOP's § 3621(b) worksheet, its responses to McCarthy's administrative appeals, and its letter to Judge Dorsey explaining why it was unable to follow his recommendation. (ECF No. 7-3 at 14-19, 47, 49-50.) The District Court denied McCarthy's petition on the merits after properly concluding that his challenge to the BOP's denial of his latest request is not successive. McCarthy appeals, and his Warden has filed a motion for summary affirmance.[1]

## II.

The BOP has the statutory authority to designate a state prison as the place of service of a federal sentence nunc pro tunc. See Setser v. United States, 132 S. Ct. 1463, 1467-68 (2012); Barden, 921 F.2d at 481. The BOP must actually consider requests for nunc pro tunc designation under the factors set forth in § 3621(b), but once it does it has "wide discretion" in determining whether to grant the request. Barden, 921 F.2d at 481.

In this case, McCarthy argued in his habeas petition that the BOP did not have any discretion regarding designation because Judge Dorsey's initial letter constitutes an order that the BOP treat his federal sentence as concurrent. The District Court rejected that argument on the ground that Judge Dorsey's recommendation, as his second letter clarified, was just that and did not constitute an order. McCarthy has not challenged that ruling on appeal, and it is clearly correct. We are also satisfied that the BOP did not

---

[1] Although the BOP transferred McCarthy to a facility in West Virginia shortly before the District Court entered its judgment, the District Court retained jurisdiction because it had jurisdiction at the time McCarthy filed his petition. See Barden v. Keohane, 921 F.2d 476, 477 n.1 (3d Cir. 1990). McCarthy does not require a certificate of appealability to appeal the denial of his § 2241 petition, see Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009), and we have jurisdiction under 28 U.S.C. § 1291.

abuse its discretion because the record reflects its meaningful consideration of Judge Dorsey's recommendation and the factors under § 3621(b).

McCarthy's arguments on appeal are not persuasive. McCarthy argues that the District Court should have held an evidentiary hearing because, in his traverse, he contested the accuracy and admissibility of the BOP's evidence regarding his disciplinary history. McCarthy's arguments, however, did not require a hearing. His argument that the BOP's records are inaccurate is merely conclusory because he has not raised any specific challenge to any of the 75 disciplinary violations referenced by the BOP in any of his filings in the District Court or in this one. McCarthy also provides no reason to question the authenticity of this evidence, which was properly supported by the declarations of BOP employees. McCarthy further argues that the District Court's consideration of this evidence deprived him of due process, but the Warden served him with this evidence; McCarthy then had an opportunity to respond, and he in fact did so. See Martin v. Brown, 63 F.3d 1252, 1262 (3d Cir. 1995) ("[T]he fundamental requirements of due process [are] notice and an opportunity to respond[.]").

McCarthy raises one other argument that requires brief discussion. After initially arguing that the BOP had no discretion, he now argues that the BOP abused its discretion because its evidence does not reflect express consideration of the "positive programs" he has completed while in prison. McCarthy attached a list of those programs to an addendum to his traverse in the District Court, and we will assume for present purposes that completion of such programs might be relevant in considering "the history and characteristics of the prisoner" under § 3621(b)(3) as a general matter. McCarthy,

5

however, raised this argument for the first time in his traverse. McCarthy's administrative appeals, like his habeas petition, focused exclusively on Judge Dorsey's letter and did not mention the completion of any programs. (ECF No. 7-3 at 12, 15, 18.) Issues of waiver and exhaustion aside, we decline to hold that the BOP abused its discretion by not expressly considering a factor on which McCarthy himself did not rely.

For the foregoing reasons, we will grant appellee's motion for summary action and affirm the judgment of the District Court.