Caswell A. CRAWFORD, Appellant

v.

Archie B. LONGLEY.

No. 12–4140.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Feb. 3, 2014.

Opinion filed: March 10, 2014.

Caswell A. Crawford, Bradford, PA, pro se.

Jennifer R. Andrade, Esq., Robert L. Eberhardt, Esq., Rebecca R. Haywood, Esq., Office of United States Attorney, Pittsburgh, PA, for Archie B. Longley.

Before: FUENTES, GREENBERG and VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

*Pro se* appellant Caswell A. Crawford appeals from an order of the United States District Court for the Western District of Pennsylvania. For the reasons that follow, we will affirm the District Court's decision.

Crawford was arrested in Florida and charged with First Degree Murder and Armed Robbery. While being held in state custody, he was indicted on federal charges of conspiracy to possess with in-

tent to distribute cocaine. Crawford pleaded guilty to the state charges, but before he was sentenced by the state, he was transferred to federal custody under a writ of habeas corpus *ad prosequendum* to answer the federal charges. Crawford pleaded guilty and was sentenced to 420 months' (35 years') imprisonment. The federal judgment made no mention of the state charges. Crawford was returned to state custody and was sentenced to 25 years' imprisonment on November 2, 1993, ordered to run concurrently with the federal sentence. Crawford was later sentenced for other state crimes, but he satisfied all of his state sentences on December 25, 2009. He was released to federal custody on January 19, 2010, pursuant to a federal detainer.

The Bureau of Prisons ("BOP") calculated Crawford's federal sentence as consecutive to his state sentence. Crawford requested the BOP to make a nunc pro tunc designation of the state prison as his place of confinement for his federal sentence, pursuant to *Barden v. Keohane,* 921 F.2d 476, 483 (3d Cir.1990). The BOP wrote a letter to the federal sentencing judge, asking for his non-binding opinion on the retroactive designation. S.A. 141–42. The judge suggested that the designation would not be appropriate, as the state and federal crimes were completely unrelated, except for some possible overlap with a state drug conviction that did not affect the length of Crawford's state sentence. *Id.* at 144. Considering the factors prescribed by 18 U.S.C. § 3621(b), the BOP determined that retroactive designation would not be appropriate, based on Crawford's criminal history and the statement

from the federal sentencing judge. *Id.* at 146–47.

After exhausting administrative remedies, Crawford filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District Court, contending that the BOP miscalculated his sentence by refusing to calculate it to run concurrently with his state sentence. The Magistrate Judge recommended denying the petition. The District Court adopted the Report and Recommendation and denied relief. Crawford timely appealed.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." *O'Donald v. Johns,* 402 F.3d 172, 173 n. 1 (3d Cir.2005) (per curiam). We review the BOP's denial of a nunc pro tunc designation for abuse of discretion, *see Barden,* 921 F.2d at 483, and may summarily affirm on any basis supported by the record, *Murray v. Bledsoe,* 650 F.3d 246, 247 (3d Cir.2011) (per curiam).

■ We agree with the District Court regarding the BOP's calculation of Crawford's sentence. As the record reflects, Crawford's time in state custody from January 1, 1992, through December 25, 2009, was credited towards his state sentence, and therefore could not be credited towards his federal sentence. *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... that has **not** been credited against another sentence.") (emphasis added).[1] Furthermore, a prisoner detained pursuant to a writ of habeas cor-

---

1. While the time in the state prison could not be *credited* against the federal sentence, in the appropriate case the BOP can designate the state prison as the location for a federal in-

mate to serve his sentence, effectively allowing the terms to run concurrently, as discussed below.

pus *ad prosenquendum* remains in the primary jurisdiction of the first jurisdiction—in Crawford's case, the state of Florida—"unless and until the first sovereign relinquishes jurisdiction over the prisoner." *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000); BOP Program Statement 5880.28 § 3b (1999) (emphasizing that *ad prosenquendum* writs do not effect a transfer to federal custody). Here, Florida did not relinquish jurisdiction prior to the time that Crawford completed his state sentences. Accordingly, the BOP properly did not give Crawford prior custody credit for the period starting on January 1, 1992, and ending on December 25, 2009.[2]

█ We also agree with the District Court that the BOP did not abuse its discretion in denying Crawford's request for a nunc pro tunc designation. Under 18 U.S.C. § 3621, the BOP has the authority to nunc pro tunc designate the place of confinement for a prisoner's federal sentence. *Setser v. United States*, —— U.S. ——, 132 S.Ct. 1463, 1467–68, 182 L.Ed.2d 455 (2012). Accordingly, the BOP had the authority to designate the state prison as the official facility for service of Crawford's federal sentence, allowing his state and federal sentences to run concurrently. *Barden*, 921 F.2d at 483.

We have previously held that prisoners are entitled to have their requests for nunc pro tunc designation examined by the BOP using the factors listed in § 3621(b), but the BOP has "wide discretion in determining whether to grant the request." *McCarthy v. Warden*, 544 Fed.Appx. 52, 54 (3d Cir.2013) (internal quotation and citation omitted). The record reflects that the BOP did review Crawford's request under the five factors stated in § 3621(b), and denied his request based on Crawford's history and characteristics, and the recommendation of the federal sentencing court that the sentences not run concurrently. *Cf.* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run concurrently unless the court orders that the terms are to run concurrently."). Furthermore, Crawford's argument that the BOP should have granted the nunc pro tunc designation to fulfill the wishes of the state court judge that his state sentence be concurrent to his federal sentence is meritless, as "neither the federal courts nor the [BOP] are bound in any way by the state court's direction that the state and federal sentences run concurrently." *Barden*, 921 F.2d at 478 n. 4 (citing U.S. Const. art. VI, cl. 2).

Accordingly, the BOP did not abuse its discretion under § 3621(b) by denying Crawford's nunc pro tunc request.[3]

---

**2.** Crawford was credited with 24 days for time in state custody from December 26, 2009 through January 18, 2010, when he was officially released to begin service of his federal sentence.

**3.** Appellee's Motion to File Declaration in Response to Court's Inquiry is granted. We agree with Appellee that the BOP was not required by any caselaw, statute, or regulation to inform the federal sentencing court that the state court intended its sentence to be concurrent to the federal sentence. We are pleased to learn that the BOP has since reformatted its letters to include such information when available. Declaration of Craig Pickles, at ¶ 6.