ALD-021                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2339
_____

JOHN J. MCCARTHY,
                                                      Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1:14-cv-01905)
District Judge:  Honorable William W. Caldwell
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 22, 2015

Before:  AMBRO, SHWARTZ and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 29, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

John J. McCarthy appeals pro se from the District Court's order denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Because this appeal presents no substantial question, we will summarily affirm the District Court's order.

I.

McCarthy is a federal prisoner serving a 235-month sentence imposed by the United States District Court for the District of Connecticut for possession of a firearm by a previously convicted felon. This appeal concerns his most recent 28 U.S.C. § 2241 habeas petition, in which he alleged that: (1) his constitutional rights were violated when he was placed in the Special Management Unit ("SMU"); (2) his federal sentence was erroneously calculated; and (3) his constitutional rights were violated during a disciplinary proceeding that resulted in the loss of good conduct time. The Magistrate Judge issued a report recommending that his first claim be dismissed as not cognizable under § 2241, that the second claim be denied as an abuse of the writ, and that the third claim be denied as unexhausted. On March 17, 2015, after considering McCarthy's objections, the District Court issued an order adopting the Magistrate Judge's report and denying McCarthy's § 2241 petition.

McCarthy now appeals.[1]

---

[1] McCarthy's May 20, 2015 notice of appeal ordinarily would be untimely. See Fed. R. App. P. 4(a)(1)(B). In this case, however, the District Court's March 17, 2015 order does not comply with the "separate document" requirement of Rule 58 of the Federal Rules of Civil Procedure because the order sets forth the history of the case and addresses McCarthy's objections to the Magistrate Judge's report and recommendation. See

2

II.

A certificate of appealability is not required to appeal from the denial of a § 2241 petition, see Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009), and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions, but we review factual findings for clear error. Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). We find no error in the District Court's denial of McCarthy's § 2241 petition, and summarily affirm the District Court's order. See 3d Cir. I.O.P. 10.6.

First, the District Court properly determined that § 2241 is not the proper vehicle for McCarthy to challenge his transfer to the SMU, which occurred due to his history of disciplinary infractions. For such a claim to be cognizable under § 2241, the transfer would have to "concern the execution of [McCarthy's] sentence," which requires that the Federal Bureau of Prison's ("BOP") "conduct was somehow inconsistent with a command or recommendation in the sentencing judgment," or that the transfer "*necessarily* result[ed] in a change to the duration of his sentence." Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012); see also Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002) (holding that civil rights action is appropriate to challenge conditions of confinement when a finding in plaintiff's favor would not alter the sentence or undue the

---

LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 223-24 (3d Cir. 2007). Thus, McCarthy's appeal is timely and will not be dismissed for lack of jurisdiction. See Fed. R. App. P. 4(a)(7)(A)(ii).

conviction). McCarthy's petition alleged neither that transfer affected the duration of his sentence nor that it was inconsistent with the sentencing judgment. Accordingly, the District Court properly dismissed this claim.

Second, the District Court properly denied McCarthy's challenge to the calculation of his sentence as an abuse of the writ. In 1994, McCarthy was sentenced for convictions in both federal and state court in Connecticut. He is currently serving his federal sentence, which he began after completing his state sentence. The Connecticut federal court did not specify whether his sentences should run concurrently or consecutively. The BOP has treated them as consecutive and has denied McCarthy's request for a favorable concurrent retroactive designation under 18 U.S.C. § 3621(b). Since 1995, McCarthy has filed numerous § 2241 petitions in various courts arguing that the BOP has erred by refusing to treat his sentence as concurrent. See, e.g., McCarthy v. Warden USP Lewisburg, 448 F. App'x 287, 288-89 (3d Cir. 2011) (summarizing McCarthy's previous litigation of this issue); McCarthy v. Warden, 544 F. App'x 52, 53 (3d Cir. 2013) (same).

As he has argued previously, McCarthy states that his "concurrent state time should be credited to [his] recommended concurrent federal time as presentence or precustody confinement."[2] The BOP asserted that this claim should be denied as an

_____

[2] McCarthy also asserts that the BOP abused its discretion in denying his request for concurrent retroactive designation because it did not consider the "positive programs" that he has completed while in prison. We addressed and rejected that argument in

4

abuse of the writ because the legality of McCarthy's detention had already been determined in his previous habeas petitions. The District Court agreed, explaining that McCarthy has "previously, repeatedly and unsuccessfully challenged" his sentence calculation by the BOP. And because the Government met its burden to plead abuse of the writ with "clarity and particularity," McCarthy had to show that the "ends of justice would be served by the court entertaining his petition, a showing that the petitioner satisfies by supplementing his claim by making a colorable showing of factual innocence." See Furnari v. U.S. Parole Comm'n, 531 F.3d 241, 251 (3d Cir. 2008) (citation and internal quotation marks omitted). This he did not do. Accordingly, the District Court properly determined that McCarthy's sentencing claim was an abuse of the writ.

Finally, we agree with the District Court that McCarthy failed to exhaust his claim concerning his 2014 disciplinary proceedings, which resulted in the loss of 40 days of good conduct time. Section 2241 is the appropriate vehicle for constitutional claims when a prison disciplinary proceedings results in the loss of good conduct time. See Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008). Federal prisoners have a liberty interest in statutory good time credits. Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974). Thus, due process protections are required "[w]here a prison disciplinary hearing may result in the loss of good time credits." Superintendent v. Hill, 472 U.S. 445, 454

McCarthy's 2013 appeal from the denial of a previous § 2241 petition, and we decline to address it again. See McCarthy, 544 F. App'x at 55.

5

(1985) (citing <u>Wolff</u>, 418 U.S. at 563-67). McCarthy's claim that his disciplinary proceeding did not include the required procedures is, however, barred from judicial review because it is procedurally defaulted.

Federal prisoners are ordinarily required to exhaust administrative remedies before filing a § 2241 petition. <u>Moscato v. Fed. Bureau of Prisons</u>, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is favored because:

> (1) judicial review may be facilitated by allowing the appropriate agency to develop a factual record and apply its expertise; (2) judicial time may be conserved because the agency might grant the relief sought, and (3) administrative autonomy requires that an agency be given an opportunity to correct its own errors.

See <u>Bradshaw v. Carlson</u>, 682 F.2d 1050, 1052 (3d Cir. 1981). McCarthy, in his traverse filed with the District Court, conceded that he did not exhaust administrative remedies. And despite his arguments to the contrary, we see no reason why exhaustion would not have achieved the above-referenced goals such that we should excuse this requirement here. See <u>id.</u>

Because McCarthy cannot now complete the administrative remedy process, he has procedurally defaulted this claim and must demonstrate cause and prejudice to secure judicial review. See <u>Moscato</u>, 98 F.3d at 761-62. McCarthy's assertion that he was unable to file his administrative remedy because the prison staff refused to provide him with the necessary forms is not sufficient to excuse his failure to exhaust. The documentary evidence provided by the BOP shows that McCarthy was advised of his

6

right to appeal the disciplinary decision and was given a copy of the disciplinary report. The BOP conceded that the delivery of the Disciplinary Hearing Office's packet was delayed but stated that the delay did not hinder McCarthy's ability to appeal, because he was advised that he could appeal within 20 days of receiving the packet. McCarthy did not, however, file an appeal and the untimely delivery of the packet did not foreclose McCarthy's use of the administrative review process. Accordingly, as the District Court determined, this claim is barred. See 28 C.F.R. § 542.14(b) (setting forth procedures for filing administrative appeals).

For the foregoing reasons, we will summarily affirm. See 3d Cir. I.O.P. 10.6.